UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------x
JERMAL DIXON,

          Petitioner,

  -against-                    **MEMORANDUM AND ORDER**
                                   10-CV-5262 (KAM)

WARDEN DUKE TERRELL,

          Respondent.
--------------------------x
**MATSUMOTO, United States District Judge:**

      On November 10, 2010, *pro se* petitioner Jermal Dixon

("petitioner") filed the instant petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241, challenging the computation

of his sentence and the application of credit for time he has

served in state and federal custody.  Petitioner seeks an order

directing the Bureau of Prisons ("BOP") (1) to amend the total

length of his custodial sentence from 144 months to 132 months;

and (2) to credit against petitioner's federal sentence the time

he spent in custody from January 26, 2005 through September 29,

2007.  (*See generally* ECF No. 1, Petition for Writ of Habeas

Corpus, filed 11/10/2010 ("Pet.").)  In addition, by letters

dated November 14, 2010 and December 4, 2010, petitioner sought

a stay of his transfer from the Metropolitan Detention Center in

Brooklyn, New York.  (*See* ECF No. 2, Letter dated 11/14/2010

from *pro se* Jermal Dixon; ECF No. 6, Pro Se Brief & Motion

Requesting Stay of Transfer Pursuant to Federal Rules of Civil

Procedure Rule 65, dated 12/4/2010 ("Pet'r Mot. to Stay").)

Further, on August 15, 2011, petitioner moved for summary judgment. (*See* ECF No. 15, Motion for Summary Judgment, filed 8/15/2011 ("Pet'r Mot. for Summary Judgment").) For the reasons set forth below, the court denies petitioner's request for a stay of transfer, dismisses the petition for a writ of habeas corpus, and denies petitioner's motion for summary judgment.

<u>**BACKGROUND**</u>

On July 8, 2003, petitioner pled guilty in the United States District Court for the Southern District of New York to an information (hereinafter the "03-CR-825 information") charging him with one count of conspiring to distribute and possess with intent to distribute 50 or more grams of crack cocaine, in violation of 21 U.S.C. § 846, and one count of possessing a firearm in furtherance of the narcotics conspiracy, in violation of 18 U.S.C. § 924(c). (ECF No. 8, Gov't Letter dated 1/24/2011 ("Gov't 1/24/2011 Ltr.") at 1-2; Presentence Investigation Report, dated 8/11/2010, attached as Ex. A to ECF No. 8, Gov't 1/24/2011 Ltr. ("8/11/2010 PSR") ¶¶ 1-5.) Prior to being sentenced for those offenses, petitioner failed to report to his assigned pretrial services officer as directed, and on July 1, 2004, a warrant was issued for his arrest. (ECF No. 8, Gov't 1/24/2011 Ltr. at 2; 8/11/2010 PSR ¶¶ 5, 30.)

On January 26, 2005, petitioner was arrested by the New York City Police Department ("NYPD") and charged with

criminal possession of a controlled substance in the fourth degree and aggravated unlicensed operation of a motor vehicle in the third degree. (8/11/2010 PSR ¶¶ 33, 86.) Petitioner subsequently pled guilty in New York County Supreme Court to criminal possession of a controlled substance in the fifth degree, and on July 26, 2005, he was sentenced to 18 months' imprisonment.[1] (ECF No. 8, Gov't 1/24/2011 Ltr. at 2 n.3; ECF No. 1, Pet. at 10; 8/11/2010 PSR ¶ 85.) On January 20, 2006, after nearly a year in state custody, petitioner was transferred by writ from the custody of the New York State Department of Correctional Services to federal custody.[2] (ECF No. 8, Gov't 1/24/2011 Ltr. at 2 n.3; 8/11/2010 PSR ¶¶ 33, 87.)

On March 4, 2008, petitioner pled guilty, without a plea agreement, to a superseding information (hereinafter the "S1 03-CR-825 information") charging him with one count of conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine contrary to 21 U.S.C. § 846, one count of selling firearms without a license contrary to 18 U.S.C. § 922(a)(1)(A), one count of theft of certain federal funds contrary to 18 U.S.C. § 641, and one count of conspiring

---

[1] In the Presentence Investigation Report prepared for his sentencing on his federal offenses, the Probation Department noted that the state offense was "related" to the federal offense. (ECF No. 8, 8/11/2010 PSR ¶ 86; ECF No. 1, Pet. at 10.)

[2] Petitioner's conditional release date from his state sentence was May 5, 2006. Thereafter, had he not been in federal custody, petitioner would have been on supervised release from his state sentence until September 29, 2007. (ECF No. 11, Gov't 2/8/2011 Ltr. at 2.)

to distribute and possess with intent to distribute 50 grams or more of crack cocaine contrary to 21 U.S.C. § 846. (8/11/2010 PSR ¶¶ 6-12; ECF No. 8, Gov't 1/24/2011 Ltr. at 2.) Petitioner also pled guilty to a one-count indictment (hereinafter the "04-CR-646 indictment") charging him with failing to report to pretrial services, in violation of 18 U.S.C. § 3164(a)(1). (8/11/2010 PSR ¶¶ 11-12; ECF No. 8, Gov't 1/24/2011 Ltr. at 2.) Further, he reaffirmed his guilty plea to the two counts in the 03-CR-825 information. (8/11/2010 PSR ¶ 12; ECF No. 8, Gov't 1/24/2011 Ltr. at 2.)

At the sentencing proceeding on March 16, 2009, Judge Jed Rakoff, United States District Judge for the Southern District of New York, imposed an aggregate sentence of 252 months' imprisonment, which included 240 months for the counts in the 03-CR-825 information and the S1 03-CR-825 information, all to be served concurrently, as well as a consecutive sentence of 12 months' imprisonment for the charge in the 04-CR-646 indictment. (ECF No. 11-2, Transcript of 3/16/2009 Sentencing Proceeding ("3/16/2009 Tr.") at 25.) Judge Rakoff noted, however, that he intended to afford petitioner "credit" for the time petitioner spent in state custody from January 26, 2005 through January 20, 2006. (*Id.*) Judge Rakoff stated:

> I'm not totally sure I have the power to
> definitively order the credit for the state
> custody, but I will nevertheless state in

> the judgment that he is to be given – or if
> it is a bureau of prisons' determination, it
> is strongly recommended that he be given
> credit for the period between January 26,
> 2005 and January 20, 2006, as federal
> custody credit.

(*Id.*)

The government, however, informed the court that the BOP would not credit petitioner pursuant to 18 U.S.C. § 3585(b) for the time he had spent in prison serving his state sentence. (*Id.* at 27.) Instead, the prosecutor stated, "I believe under [U.S. Sentencing Guidelines Manual section] 5G1.3(b)(1) and (2) . . . you have to give a downward adjustment for that period of time. I don't believe the bureau of prisons will credit [petitioner] for the time." (*Id.*) The court agreed and adjusted petitioner's entire sentence downward from 252 months to 240 months, which included "228 [months] on all counts except the one count that's consecutive, and 12 months on that count . . . ." (*Id.* at 28.)

The written judgments entered by the court on April 6, 2009 stated that petitioner was sentenced to a term of imprisonment of 240 months on all counts in the S1 03-CR-825 information and 240 months on count one in the 03-CR-825 information, all to be served concurrently. (ECF No. 8-2, Judgments dated 4/6/2009 ("4/6/2009 Judgments") at 3, 9.) In addition, the judgments noted that the 240-month sentence was

"to be followed by a sentence of twelve (12) months

incarceration" for the charge in the 04-CR-0646 indictment.[3]

(*Id.*)  Further, adopting the framework of credit-for-time-served

that Judge Rakoff had rejected during the sentencing proceeding,

the written judgments stated, "[t]he defendant shall be given

federal custody credit for time spent in State custody from

January 26, 2005 to January 20, 2006."  (*Id.*)  The judgments did

not state that the sentence was adjusted pursuant to U.S.

Sentencing Guidelines Manual section 5G1.3(b).  The judgments

also imposed concurrent five-year terms of supervised release on

all counts.  (*See id.* at 4, 10.)

On March 12, 2010, Judge Rakoff entered amended

written judgments, reducing the sentences imposed for Count One

of the 03-CR-825 information and all counts of the S1 03-CR-825

information to 228 months' imprisonment.  (*See* ECF No. 8-3,

Judgments dated 3/12/2010 at 3, 9.)  Judge Rakoff once again

imposed a consecutive 12-month sentence for the count in the 04-

CR-646 indictment for an aggregate of 240 months' imprisonment.

(*Id.*)  The amended judgments reiterated that petitioner was to

receive "credit for time served in State custody from January

26, 2005 to January 20, 2006."  (*Id.*)  Moreover, the amended

---

[3]  Although the judgment in S1 03-CR-0825 stated that the sentence was "to run
concurrently with sentence imposed in 03 Cr. 0825 (JSR) and to be followed by
a sentence of twelve (12) months imposed in 04 Cr. 0825 (JSR)," the court
presumes that the latter is a typographical error and should have listed
S.D.N.Y. docket number 04 Cr. 0646 (JSR).

judgments again imposed concurrent five-year terms of supervised release on all counts. (*Id.* at 4, 10.)

On September 16, 2010, after the Second Circuit remanded petitioner's case for resentencing, Judge Rakoff reduced petitioner's sentence to a total of 132 months' imprisonment. (*See* ECF No. 8-5, Transcript of 9/16/2010 Sentencing Proceeding ("9/16/2010 Tr.") at 10.) During the resentencing hearing, Judge Rakoff explained that the 132-month sentence included 120 months for the counts in the 03-CR-825 information and the S1 03-CR-825 information, and a consecutive 12-month sentence for the count in the 04-CR-646 indictment. (*Id.* at 3-4, 10-11.)

The Presentence Investigation Report ("PSR") prepared for petitioner's September 16, 2010 sentencing listed as one of the "overt acts" in the criminal enterprise the fact that "[o]n January 26, 2005, [petitioner] possessed cocaine for sale near East 116th Street and Second Avenue in Manhattan." (8/11/2010 PSR ¶ 32.) The "attributable drug amounts" used to calculate petitioner's base offense level were 4.5 kilograms of crack, 33 kilograms of cocaine, and 50 kilograms of marijuana. (*Id.* ¶¶ 35, 45.) The criminal history section of the PSR also listed petitioner's July 26, 2005 state court conviction for possessing crack, but the PSR did not award any criminal history points for that conviction, noting that it was considered "related to the

instant offense" pursuant to U.S. Sentencing Guidelines Manual §§ 1B1.3 and 4A1.2, Application Note 1.[4] (*Id.* ¶¶ 85–86.) The PSR did not state, however, whether or how petitioner's state court conviction was the basis for an increase in the offense level for his federal offense. *See* U.S. Sentencing Guidelines Manual § 5G1.3(b).

Petitioner's counsel asked the court to once again "give [petitioner] a 12-month adjustment off his total sentence and note in the judgment as a safety and as a backstop that you have taken off time" for the period that petitioner spent in state custody from January 26, 2005 through January 20, 2006 "because otherwise our experience is that [the] Bureau of Prisons is not going to give him credit for it." (ECF No. 8-5, 9/16/2010 Tr. at 7.) Judge Rakoff denied this request, explaining that "[t]he reduction here is very substantial and my recommendation [during the March 16, 2009 sentencing hearing] to

---

[4] For the purposes of calculating a defendant's criminal history based on the defendant's prior sentences, U.S. Sentencing Guidelines Manual section 4A1.2, Application Note 1, provides:

> "Prior Sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. *See* [U.S. Sentencing Guidelines Manual] § 4A1.2(a). A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense. *Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct).*

U.S. Sentencing Guidelines Manual § 4A1.2 cmt. 1 (emphasis added).

give credit was in the context of a considerably higher sentence." (*Id.* at 8.) Judge Rakoff further stated that the fact that petitioner faced a mandatory minimum sentence of ten years' imprisonment on count one of the S1 03-CR-825 information was "a good independent reason for denying the application" to adjust downward petitioner's sentence. (*Id.* at 9.) He concluded that because "[petitioner] is getting the absolute minimum sentence that is required under Section 3553(a) . . . I am not going to give credit for reduction as based on that state time." (*Id.*) Judge Rakoff orally imposed a ten-year period of supervised release. (*Id.* at 7, 11.)

On September 27, 2010, Judge Rakoff entered an Order Regarding Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2), which reflected petitioner's new aggregate sentence of 132 months' imprisonment on all counts for the 03-CR-825 information, the S1 03-CR-825 information, and the 04-CR-646 indictment. (*See* ECF No. 8-4, Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 2582(c)(2), dated 9/27/2010 ("9/27/2010 Order") at 2.) The Order further stated, "[e]xcept as provided above, all provisions of the judgment dated 3/16/2009 shall remain in effect." (*Id.*) The Order did not state that the sentence was adjusted pursuant to U.S.

Sentencing Guidelines Manual section 5G1.3(b) or note that the supervised release period was ten years.[5]

As of October 18, 2010, records from the BOP's sentence monitoring computation database reflected that petitioner was serving a 144-month term of imprisonment, beginning on March 16, 2009, the date petitioner was originally sentenced for his federal offenses, with "jail credit" from April 22, 2003 through April 23, 2003 and from September 29, 2007, the date petitioner's period of supervised release on his state sentence ended, through March 15, 2009, the day before petitioner was originally sentenced for his federal offenses. (ECF No. 1, Sentence Monitoring Computation Data, attached to Pet. at 14.) This term of imprisonment was to be followed by a period of supervised release of five years. (*Id.*)

On November 10, 2010, petitioner filed the instant Petition seeking to correct the computation of his sentence.[6] First, petitioner requests that the BOP correct its records to

---

[5] Insofar as the period of supervised release stated in the Order Regarding Motion for Sentence Reduction does not reflect the period orally imposed at the sentencing hearing, the parties may file an application pursuant to Fed. R. Crim. P. 36 with the sentencing court to address this issue. (*See* ECF No. 11, Gov't 2/8/2011 Ltr. at 4.)

[6] At the time the instant Petition was filed, petitioner was incarcerated at the Metropolitan Detention Center in Brooklyn, New York. (*See* ECF No. 1, Pet. at 2.) On or about December 15, 2010, petitioner was removed from the Metropolitan Detention Center and thereafter was transferred to the United States Penitentiary in Atwater, California. (*See* ECF No. 11, Gov't 2/8/2011 Ltr. at 4.) As of August 8, 2011, when petitioner filed his motion for summary judgment, he was incarcerated at the Federal Correctional Institution Williamsburg in Salters, South Carolina. (*See* ECF No. 15-1, Pet'r Mot. for Summary Judgment Ex. B at 19.)

reflect that petitioner is serving a total sentence of 132 months, not 144 months. (ECF No. 1, Pet. at 3-4.) Second, petitioner requests that the BOP update its records to give petitioner credit against his federal sentence for the time he spent in custody from January 26, 2005 to September 29, 2007.[7] (*Id.* at 4.) On December 14, 2010, petitioner filed a purported amendment to his petition, clarifying that his request was for the BOP to give him credit pursuant to U.S.C. § 3585(b). (ECF No. 6-2, Motion & Brief to Amend Filing Pursuant to Rule 15(a)(1)(A) ("Pet'r Mot. to Amend").) He also filed two requests for a stay of his transfer from the Metropolitan Detention Center in Brooklyn, New York to another facility. (*See* ECF No. 2, Letter dated 11/14/2010 from *pro se* Jermal Dixon; ECF No. 6, Pet'r Mot. to Stay.)

Subsequent to the filing of the instant Petition, but before the issues were fully briefed, the government conferred with and sought clarification from the BOP. By letter dated January 24, 2011, the government informed the court that "the BOP database erroneously reflected that the petitioner's total sentence was 144 months" and that the "database has been

---

[7] The Petition states that "[m]y time[] starts from 01-20-05," (ECF No. 1, Pet. at 3, 4.) However, because petitioner was not in state or federal custody until January 26, 2005, the court assumes petitioner intends to request credit from that date. Similarly, the Petition states that petitioner's "conditional release date [was] 05-20-06." (*Id.* at 4.) According to the BOP, however, petitioner's conditional release date from his state sentence was May 5, 2006. (ECF No. 11, Gov't 2/8/2011 Ltr. at 2.)

corrected to reflect that the petitioner's total sentence is 132
months." (ECF No. 8, Gov't 1/24/2011 Ltr. at 3; *see also* ECF
No. 9-2, Public Information Inmate Data at 5.)  The government
also noted that the BOP's records had been corrected to give
petitioner credit for time he had served in federal custody
since May 6, 2006, the day after his conditional release date
from his state court sentence. (ECF No. 8, Gov't 1/24/2011 Ltr.
at 4; *see also ECF* No. 9-2, Public Information Inmate Data at
5.)  As of January 20, 2011, publicly available records
reflected that petitioner was serving a 132-month sentence,
beginning on March 16, 2009, with "jail credit" from April 22,
2003 through April 23, 2003 and from May 6, 2006 through March
15, 2009, to be followed by a period of supervised release of
five years.  (*See* ECF No. 9-2, Public Information Inmate Data at
5.)  According to the BOP, based on this credit and credit for
good time, petitioner's projected release date is December 26,
2015.  (*Id.* at 2, 6.)

On January 25, 2011, the court issued an Order
directing the government to confer with the BOP and file a
letter explaining certain inconsistencies in the record.[8]  (*See*

---

[8] The court's January 25, 2011 Order provided, in relevant part, that the
government must:

> (1) address[] how Judge Rakoff's explicit denial of
> petitioner's application for credit for time-served
> in state prison, which is set forth on the record at
> the September 16, 2010 resentencing hearing, can be
> reconciled with the March 12, 2010 Order Regarding a

12

Order dated 1/25/2011.)  On February 8, 2011, the government responded to the court's inquiries and opposed petitioner's habeas petition.  (*See* ECF No. 11, Gov't 2/8/2011 Ltr.) Petitioner filed a reply on April 28, 2011.  (*See* ECF No. 13, Reply/Pro Se Brief and Motion to Grant 28 USC 2241, filed 4/28/2011 ("Pet'r Reply").)

On January 21, 2010, petitioner filed an administrative claim under Administrative Remedy No. 573641, contending that he is entitled to additional credit toward his federal sentence for time spent in custody since January 20, 2006.  (*See* ECF No. 15-1, Pet'r Mot. for Summary Judgment Ex. B at 15; ECF No. 13, Pet'r Reply at 7.)  The Warden denied petitioner's claim on February 8, 2010 and petitioner appealed to the Regional Office.  (ECF No. 15-1, Pet'r Mot. for Summary Judgment Ex. B at 15-16.)  The Regional Director denied his appeal on March 30, 2010.  (*Id.* at 16.)  On May 17, 2010,

---

Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and the 1/20/11 BOP records; (2) explain[] the reason why the 1/20/11 BOP records credit petitioner for time served since May 6, 2006, instead of January 20, 2006, the date on which petitioner was remanded to federal custody; (3) address[] how Judge Rakoff's explicit imposition of a 10 year term of supervised release, which is set forth on the record at the September 16, 2010 resentencing hearing, can be reconciled with the March 12, 2010 Order Regarding a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and the 1/20/11 BOP records, which indicate that petitioner's term of supervision is five years; (4) inform[] the court where petitioner is currently incarcerated; and (5) address[] petitioner's motion requesting a stay of transfer.

(Order dated 1/25/2011.)

petitioner appealed to the Central Office Administrative Remedy

Appeal.[9] (ECF No. 13, Pet'r Reply at 6.) On March 22, 2011, the

Central Office denied petitioner's appeal. (ECF No. 13, Pet'r

Reply at 7; ECF No. 15-1, Pet'r Mot. for Summary Judgment Ex. B

at 17.) The denial stated:

> Review of [petitioner's] state documents
> indicates the state credited [him] with time
> spent in custody from [his] arrest date,
> [January] 26, 2005, through [his] release
> date, May 5, 2006. . . . [Petitioner] ha[s]
> been credited with time spent in the custody
> of the U.S. Marshals Service from April 22,
> 2003, through April 23, 2003, and May 6,
> 2006, the day following [his] conditional
> release from state custody, through March
> 15, 2009, the day prior to [petitioner's]
> federal sentencing. Title 18 U.S.C.
> § 3585(b) precludes the application of
> credit for time that has already been
> credited toward another sentence. Since the
> additional credit [petitioner is] seeking
> was credited toward [petitioner's] state
> sentence, it cannot be credited toward [his]
> federal sentence.

(ECF No. 13, Pet'r Reply at 7; ECF No. 15-1, Pet'r Mot. for

Summary Judgment Ex. B at 17.)

On August 8, 2011, petitioner filed a motion for

summary judgment, attaching the record of his administrative

appeals, and arguing that because "[there] is no genuine Dispute

as [to] the Material fact whether the petitioner exhausted all

---

[9] On June 4, 2010, petitioner's administrative appeal was denied because all
four copies of his appeal were not legible. (ECF No. 13, Pet'r Reply at 4;
ECF No. 15-1, Pet'r Mot. for Summary Judgment Ex. B at 13.) Petitioner
subsequently requested and was granted permission to re-file his appeal,
which he did on February 23, 2011. (ECF No. 13, Pet'r Reply at 3; ECF No.
15-1, Pet'r Mot. for Summary Judgment Ex. B at 14.)

the administrative remedies available," petitioner is entitled
to "relief which is Starting the petitioner['s] time from 1-26-
05 for the full 45 months jail time."  (ECF No. 15, Pet'r Mot.
for Summary Judgment at 1-2.)

**LEGAL STANDARDS**

### I.   *Pro Se* Pleadings

The court is mindful that a *pro se* pleading is held to
less stringent standards than more formal pleadings drafted by
attorneys.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Thus, a
*pro se* habeas petition should be construed liberally and with a
lenient eye.  *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir.
1983).  Because petitioner is proceeding *pro se* in his
application for habeas relief, the court will accord his
Petition the liberal construction intended for *pro se* litigants.

### II.  28 U.S.C. § 2241

A petition pursuant to 28 U.S.C § 2241 ("Section
2241") "generally challenges the execution of a federal
prisoner's sentence, including such matters as . . . computation
of a prisoner's sentence by prison officials . . . ."  *Jiminian
v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *see also United
States v. Jessop*, No. 04-CR-159, 2006 WL 1877143, at *2 n.1
(N.D.N.Y. July 6, 2006) ("Examples of a proper § 2241 petition
include: a challenge to the calculations by the Bureau of
Prisons of the credit to be given for other periods of

15

detention, or decisions to deny parole or conditions of confinement.") (citations omitted).

The proper venue for a Section 2241 habeas petition challenging conditions of confinement is the district where the petitioner is confined. *Sullivan v. United States*, No. 02-CV-4947, 2002 WL 32096584, at *2 (E.D.N.Y. Dec. 6, 2002) ("A § 2241 petition challenging the execution of a sentence, including the conditions of the inmate's confinement, should be brought in the district court for the district where the prisoner is in custody."); *Jabarah v. Garcia*, No. 08-CV-3592, 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) ("The proper venue to bring a § 2241 challenge is the district of confinement."). However, if a petitioner brings a habeas petition in a particular district and then is transferred to another jurisdiction while the petition is pending, the court in which the petition originally was filed retains jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release"). Here, petitioner properly filed his Section 2241 petition in the Eastern District of New York while he was incarcerated at the Metropolitan Detention Center in Brooklyn, New York. (*See* ECF

No. 1, Pet. at 2.)  Therefore, even though the BOP later
transferred petitioner from the facility in Brooklyn to the
United States Penitentiary in Atwater, California, and, most
recently, to the Federal Correctional Institution Williamsburg
in Salters, South Carolina, this court retains jurisdiction over
his Section 2241 Petition.

The Second Circuit has established that a prudential
prerequisite to federal habeas relief pursuant to 28 U.S.C.
§ 2241 is the exhaustion of administrative remedies.
*See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d
Cir. 2001); *United States ex rel. Scranton v. State of New York*,
532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C. Section 2241
does not by its own terms require the exhaustion of state
remedies as a prerequisite to the grant of federal habeas
relief, decisional law has superimposed such a requirement in
order to accommodate principles of federalism.").  The
exhaustion requirement for Section 2241 petitions "protect[s]
the authority of administrative agencies, limit[s] interference
in agency affairs, and promot[es] judicial efficiency by
resolving potential issues and developing the factual record."
*Beharry v. Ashcroft,* 329 F.3d 51, 56 (2d Cir. 2003).  Failure to
exhaust administrative remedies results in a procedural default,
which bars judicial review unless the petitioner persuades the
court that the failure to exhaust should be excused.

*See Carmona*, 243 F.3d at 634. Thus, "[f]ederal inmates who seek to challenge the conditions of their confinement must first utilize the Administrative Remedy Program (the 'Program') developed by the BOP." *Bolling v. Terrell*, No. 10-CV-3594, 2010 WL 5101074, at *2 (E.D.N.Y. Dec. 8, 2010); *see also United States v. Wilson*, 503 U.S. 329, 335 (1992) (noting that prisoners may seek judicial review of the computation of time credited to their sentence, provided that they first exhaust their administrative remedies); 28 C.F.R. § 542.10-19. Specifically, inmates must exhaust each of four steps in the Program: (1) attempting to resolve the issue informally, *see* 28 C.F.R. § 542.13; (2) submitting a formal written Administrative Remedy Request to the Warden of the institution where the inmate is imprisoned, *see id.* § 542.14; (3) appealing to the BOP Regional Director, *see id.* § 542.15; and (4) appealing to the BOP Office of General Counsel, *see id.* "Appeals to the General Counsel shall be submitted on the form designed for Central Office Appeals (BP-11) and . . . shall state specifically the reason for appeal." *Id.*

### III. 28 U.S.C. § 2255

In contrast, a motion pursuant to 28 U.S.C § 2255 ("Section 2255") "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian*, 245 F.3d at 146. Section 2255 provides that a prisoner in

federal custody may collaterally attack his sentence on the
basis "that the sentence was imposed in violation of the
Constitution or laws of the United States, or that the court was
without jurisdiction to impose such sentence, or that the
sentence was in excess of the maximum authorized by law, or is
otherwise subject to collateral attack."  28 U.S.C. § 2255(a).
Collateral relief from a final criminal judgment is available
only "for a constitutional error, a lack of jurisdiction in the
sentencing court, or an error of law or fact that constitutes 'a
fundamental defect which inherently results in a complete
miscarriage of justice.'"  *United States v. Bokun*, 73 F.3d 8, 12
(2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428
(1962)).

A motion pursuant to Section 2255 must be filed in the
district court "which imposed the sentence" being challenged.
28 U.S.C. § 2255(a); *Ndoromo v. Holder*, No. 09-CV-5686, 2010 WL
346684, at *1 (E.D.N.Y. Jan. 20, 2010) ("[A] writ of habeas
corpus pursuant to 28 U.S.C. § 2255 . . . must be brought in the
district court which imposed the sentence.").  Further, Section
2255 "may not be used as a substitute for a direct appeal."
*Marone v. United States,* 10 F.3d 65, 67 (2d Cir. 1993) (citing
*United States v. Frady,* 456 U.S. 152, 165 (1982)).  "Generally,
a claim 'may not be presented in a habeas petition where the
petitioner failed to properly raise the claim on direct

review.'" *Mora v. United States*, No. 08-CV-3826, 2010 WL 2607209, at *2-3 (S.D.N.Y. June 29, 2010) (quoting *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007) and dismissing as procedurally barred petitioner's claims that, *inter alia*, his sentence was calculated incorrectly and his federal and state sentences should run concurrently because petitioner did not raise those claims on direct review).

Moreover, a request for relief pursuant to Section 2255 is generally subject to a one-year statute of limitations, starting from "the date on which the judgment of conviction becomes final . . . or the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(1), (4).

## IV.  18 U.S.C. § 3585(b)

Title 18 U.S.C. Section 3585(b) provides, in relevant part, that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . that has not been credited against another sentence."  18 U.S.C. § 3585(b).

"The Attorney General, through the BOP, possesses the sole authority to make credit determinations pursuant to 18

U.S.C. § 3585(b)." *United States v. Whaley*, 148 F.3d 205, 206

(2d Cir. 1998); *see also United States v. Pineyro*, 112 F.3d 43,

45 (2d Cir. 1997).  A district court "do[es] not have authority

to order the BOP to either grant or deny credit or to disregard

the BOP's calculation." *Whaley*, 148 F.3d at 206 (citing *United

States v. Wilson*, 503 U.S. 329, 333 (1992)); *Evans v. United

States*, No. 08-CV-3830, 2010 WL 2026433, at *5 (E.D.N.Y. May 17,

2010) ("It is well established . . . that a determination of

credit computation must be made in the first instance by the

Bureau of Prisons.").  A prisoner who has exhausted all

available administrative remedies may, however, seek judicial

review of BOP credit determinations by filing a petition

pursuant to 28 U.S.C. § 2241.  *Whaley*, 248 F.3d at 207 (citing

*Wilson*, 503 U.S. at 335); *Pineyro*, 112 F.3d at 46.

**V.   U.S. Sentencing Guidelines Manual § 5G1.3**

A sentencing court must look to U.S. Sentencing

Guidelines Manual section 5G1.3 ("Section 5G1.3") when imposing

sentence on a defendant who is already "subject to an

undischarged term of imprisonment."  U.S. Sentencing Guidelines

Manual § 5G1.3.  Section 5G1.3(b) provides that if the defendant

has an undischarged term of imprisonment for an offense that is

"relevant conduct to the instant offense," and the other offense

"was the basis for an increase in the offense level for the

instant offense," then the court must (1) "adjust the sentence

[for the instant offense] for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons;" and (2) impose "the sentence for the instant offense . . . to run concurrently to the remainder of the undischarged term of imprisonment." *Id.* § 5G1.3(b).

The Second Circuit has held that "Section 5G1.3 applies only to undischarged sentences, not to sentences that are already completed." *United States v. Wint*, 142 F. App'x 11, 13 (2d Cir. 2005) (citing *United States v. Labeille-Soto*, 163 F.3d 93, 98-99 (2d Cir. 1998)). "The correct time at which to ascertain whether a defendant is 'already subject to an undischarged term of imprisonment' for purposes of . . . Guideline § 5G1.3 is the moment the federal judge imposes the federal sentence." *United States v. Burgos*, 2 F. App'x 134, 136 n.1 (2d Cir. 2001); *United States v. Uzoefune*, 334 F. App'x 360, 363 (2d Cir. 2009) (concluding that defendant "was not entitled to an adjustment for his previous 15-month sentence . . . because U.S.S.G. § 5G1.3 is inapplicable to defendant as he was not subject to an 'undischarged term of imprisonment' at the time of sentencing; he had completed his sentence for the supervised release violation approximately a year before he was sentenced for the instant offense"); *United States v. Polanco-*

*Ovalle*, No. 98-CR-766, 1999 WL 370638, at *2 (S.D.N.Y. June 7, 1999) ("5G1.3 permits concurrent sentencing only to the extent that there remains an undischarged term of imprisonment.").

## DISCUSSION

### I. Motion for Stay of Transfer

At the time the instant Petition was filed, petitioner was incarcerated at the Metropolitan Detention Center in Brooklyn, New York. By letter dated November 14, 2010 and motion dated December 4, 2010, petitioner sought a stay of his transfer from the Metropolitan Detention Center to another facility. (*See* ECF No. 2, Letter dated 11/14/2010 from *pro se* Jermal Dixon; ECF No. 6, Pet'r Mot. to Stay.) However, on or about December 15, 2010, petitioner was removed from the Metropolitan Detention Center and thereafter was transferred to the United States Penitentiary in Atwater, California. (ECF No. 11, Gov't 2/8/2011 Ltr. at 4.) Further, as of August 8, 2011, when he filed his motion for summary judgment, petitioner was located at the Federal Correctional Institution Williamsburg in Salters, South Carolina. (*See* ECF No. 15-1, Pet'r Mot. for Summary Judgment Ex. B at 19.) Because petitioner already has been transferred, petitioner's motion for a stay of his transfer is denied as moot.

## II. Petition for Writ of Habeas Corpus

### A. Exhaustion of Administrative Remedies

The government argues that the Petition should be dismissed because petitioner failed to exhaust his administrative remedies. (ECF No. 11, Gov't 2/8/2011 Ltr. at 5.) Specifically, the government asserts that "the BOP has informed the government that the petitioner did not exhaust the administrative remedies available to him before filing the instant application." (ECF No. 11, Gov't 2/8/2011 Ltr. at 5.) However, the government has not provided any further support for this argument.

On the other hand, petitioner argues that he "exhausted all the administrative remedies available to him." (ECF No. 13, Pet'r Reply at 1; *see also* ECF No. 15, Pet'r Mot. for Summary Judgment at 1.) Further, petitioner has provided the court with copies of the denials of his administrative claim by the Warden, the Regional Director, and the Central Office. (*See* ECF No. 15-1, Pet'r Mot. for Summary Judgment Ex. B at 15-17.) Accordingly, although petitioner did not exhaust these steps prior to filing the instant action, he completed each of the steps in the Administrative Remedy Program developed by the BOP as of March 22, 2011, and his administrative remedies are therefore exhausted. Thus, petitioner's Section 2241 petition is properly before this court.

**B.   Computation of Petitioner's Sentence**

As an initial matter, petitioner seeks an order
directing the BOP to update its records to reflect that
petitioner's total sentence is 132 months, and not 144 months.
(ECF No. 1, Pet. at 3-4.)  By letter dated January 24, 2011, the
government informed the court that the BOP has corrected its
records to reflect that petitioner's sentence is 132 months.
(ECF No. 8, Gov't 1/24/2011 Ltr at 3; *see* ECF No. 9-2, Public
Information Inmate Data at 5.)  Accordingly, petitioner's
request that the BOP update its records to reflect that his
sentence is 132 months is denied as moot.

**C.   Credit for Time Served from January 26, 2005 to
September 29, 2007**

Next, petitioner alleges that his "time computation
sheet is incorrect" and seeks an order directing the BOP to give
him credit against his 132-month federal sentence for the time
he spent in custody from January 26, 2005, the date petitioner
was arrested by the NYPD, to September 29, 2007, the date
petitioner's period of supervised release for his state sentence
ended and following which he had already received credit against
his federal sentence.  (ECF No. 1, Pet. at 4-5.)[10]

---

[10] Petitioner requests credit for "45 months."  (ECF No. 1, Pet. at 5; ECF No. 15, Pet'r Mot. for Summary Judgment at 1.)  However, the court cannot identify what 45-month period petitioner is referring to.

### 1. May 6, 2006 to September 29, 2007

By letter dated January 24, 2011, the government informed the court that the BOP has credited against petitioner's federal sentence all of the time he has spent in custody since May 6, 2006, the day after he would have been conditionally discharged from his state sentence. (ECF No. 8, Gov't 1/24/2011 Ltr. at 2, 4; *see* ECF No. 9-2, Public Information Inmate Data at 5; ECF No. 11, Gov't 2/8/2011 Ltr. at 2.) Thus, to the extent that petitioner seeks credit from the BOP for the time he spent in custody from May 6, 2006 to September 29, 2007, his motion is denied as moot.

### 2. January 26, 2005 to May 5, 2006

Accordingly, the only remaining issue for the court to decide is whether petitioner is entitled to receive credit against his federal sentence for the time he spent in custody from January 26, 2005 to May 5, 2006.

### i. Credit Pursuant to 18 U.S.C. § 3585(b)

Insofar as petitioner seeks "credit" from the BOP for time he spent in custody from January 26, 2005 to May 5, 2006, his request is governed by 18 U.S.C. § 3585(b).[11]

The government argues that the BOP has credited against petitioner's federal sentence the maximum time allowed

_____

[11] In a purported amendment to the petition filed on December 14, 2010, petitioner requested the court to direct the BOP to "apply what law is control[l]ing . . . [namely,] 18 USC 3585(b)." (ECF No. 6-2, Pet'r Mot. to Amend at 2.)

pursuant to 18 U.S.C. § 3585(b), and that crediting against petitioner's federal sentence the time he spent in custody from January 26, 2005 to May 5, 2006 would be inappropriate. (ECF No. 11, Gov't 2/8/2011 Ltr. at 2-3.) The court agrees. In this case, the NYPD arrested petitioner on January 26, 2005, and on July 26, 2005 he was sentenced to eighteen months in prison, which he served between January 26, 2005 and May 5, 2006. (8/11/2010 PSR ¶¶ 33, 85; *see also* ECF No. 11, Gov't 2/8/2011 Ltr. at 2.) The BOP correctly determined that petitioner is entitled to receive credit toward his federal sentence beginning on May 6, 2006, the day after his conditional release from his state sentence, and petitioner has been given credit for that time. (ECF No. 8, Gov't 1/24/2011 Ltr. at 4; ECF No. 11, Gov't 2/8/2011 Ltr. at 2; *see* ECF No. 9-2, Public Information Inmate Data at 5.) Because petitioner's term of imprisonment from January 26, 2005 to May 5, 2006 was "credited against" his state sentence, it cannot also be credited against his federal sentence by the BOP. *See* 18 U.S.C. § 3585(b) (providing that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence*." (emphasis added)); *United States v. Beltre*, No. 05-CR-891, 2008 WL 1752484, at *1 (S.D.N.Y. Apr. 16, 2008) ("It is for the Bureau

of Prisons to determine initially when a defendant's sentence is
to commence and what credit to give for time served, but the
requirement of credit for time served does not apply to time
that has been credited toward another sentence."). Accordingly,
petitioner's Petition is denied insofar as he seeks credit
against his federal sentence pursuant to 18 U.S.C. § 3585(b) for
the time he spent in custody from January 26, 2005 to May 5,
2006, when he was serving his state sentence.

### ii. Adjustment Pursuant to U.S. Sentencing Guidelines Manual § 5G1.3(b)

In addition to seeking credit for his prior term of
imprisonment pursuant to 18 U.S.C. § 3585(b), petitioner asserts
that he was entitled to a downward adjustment of his federal
sentence pursuant to U.S. Sentencing Guidelines Manual
section 5G1.3(b). (ECF No. 13, Pet'r Reply at 1.) Petitioner
argues that because his state offense was "[r]elevant conduct
[to his federal offense] under U.S.S.G. [§] 1B1.3," the federal
sentencing court was obligated to adjust downward his federal
sentence to take into account the time he spent in prison
serving his sentence for the related offense. (*Id.*) Petitioner
emphasizes that on March 16, 2009, Judge Rakoff adjusted
downward his sentence by 12 months pursuant to Section 5G1.3(b).
(*Id.; see* ECF No. 11-2, 3/16/2009 Tr. at 27.) Petitioner
further notes, however, that when he was resentenced on

September 16, 2010, Judge Rakoff "refused to downward adjust[]" his sentence to account for petitioner's prior period of imprisonment. (ECF No. 13, Pet'r Reply at 1; *see* ECF No. 8-5, 9/16/2010 Tr. at 8-9.)

To the extent that petitioner is arguing that the sentencing court failed to follow the dictates of Section 5G1.3(b) when imposing petitioner's sentence, this issue is more appropriately resolved by the sentencing court pursuant to a motion under 28 U.S.C. § 2255 rather than this district court pursuant to a petition under 28 U.S.C. § 2241. *See Jackson v. Killian*, No. 08-CV-4386, 2009 WL 1835004, at *3 (S.D.N.Y. June 23, 2004) ("Challenging the sentencing court's section 5G1.3 calculation is 'more appropriately brought as an issue for the sentencing court pursuant to a motion under section 2255, rather than the district court in a section 2241 habeas petition where petitioner is held in custody.'" (quoting *Saunders v. Unnamed Warden*, No. 07-CV-4293, 2008 WL 2775763, at *7 (D.N.J. July 14, 2008) (denying habeas petition pursuant to 28 U.S.C. § 2241 where petitioner argued that he was entitled to a downward departure or sentence reduction under Section 5G1.3))). Accordingly, petitioner's Petition pursuant to 28 U.S.C. § 2241 is denied.

**III. Motion for Summary Judgment**

   Petitioner moves for summary judgment, asserting that he is entitled to the requested relief because "[i]t is a[n] irrefutable fact that the petitioner exhausted all the administrative remedies available." (ECF No. 15, Pet'r Mot. for Summary Judgment at 1.) Although the court finds that petitioner has exhausted the administrative remedies available to him, his motion for summary judgment must nevertheless be denied because petitioner has received all the relief to which he is entitled pursuant to 18 U.S.C. § 3585(b) and his petition under 28 U.S.C. § 2241 has been denied as a matter of law.

/

/

/

/

/

/

/

/

/

**CONCLUSION**

For the reasons set forth above, (i) petitioner's motion for a stay of transfer is denied; (ii) petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, is dismissed; and (iii) petitioner's motion for summary judgment is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to enter judgment accordingly, to close the case, and to serve a copy of this Memorandum and Order upon petitioner.

**SO ORDERED.**

Dated: September 29, 2011
        Brooklyn, New York

_____
              /s/
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York